PIKE ET AL. VS. FRASER & CO.

The breach, in a declaration in debt, that the defendant had not paid the plaintiff, "or any other person whomsoever," is not objectionable as too broad.

Every intendment must be taken against the pleader; and so, a plea, that the consideration of the note sued upon was, that the plaintiffs would pay off certain bills of exchange drawn by the defendants, averring non-payment, but failing to allege that the time fixed by the contract for payment had arrived—held insufficient.

*Appeal from Monroe Circuit Court.*

Hon. CHARLES W. ADAMS, Circuit Judge.

FOWLER & STILLWELL, for the appellants.

PIKE & CUMMINS, contra.

Mr. Justice SCOTT delivered the opinion of the Court.

This was an action of debt in the Monroe Circuit Court, on a promissory note, for $2811 85, made by appellants, payable to appellees or bearer, three days after the fifteenth day of June, 1852. The declaration is in the usual form down to the breach, where it is said that the money had not been paid to the plaintiffs, "nor to any other person whomsoever."

Defendants interposed five pleas:

1. That the note was given on the consideration that the defendants had drawn certain bills (describing them,) which the plaintiffs undertook to pay at maturity. But when the bills matured, the plaintiffs failed to pay any part of them, and the defendants had been compelled to pay a part of them, and had been sued on the others; wherefore, the consideration had failed.

2. "That said promissory note in the said plaintiffs' declaration mentioned was made, executed and delivered to the said

plaintiffs, in consideration that they would pay off and discharge certain bills of exchange before that time drawn by the said defendants; and the said defendants, in fact say, that the said plaintiffs, nor either of them, did, or would, after the execution of the said note, pay, liquidate or discharge said bills, or either of them, in manner aforesaid, or otherwise howsoever, but the said bills of exchange, and each of them, still remain subsisting demands against the said defendants, *to wit:* at the county aforesaid, and this the defendants are ready to verify," &c.

3. No consideration.

4. Nil debet.

5. Payment.

Issues were formed on all except the second plea, and tried by the court sitting as a jury, upon evidence introduced on both sides. Verdict was found for the plaintiffs below, for the sum of $2811 85 debt, and $423 46 damages, and judgment rendered accordingly. The defendants excepted, generally, to the verdict and judgment, and took a bill of exceptions setting out all the testimony; but did not move for a new trial, nor in any other wise save any question of law in relation to these issues, in the progress of the case, nor as to the finding and judgment of the court upon their determination. *State Bank vs. Conway*, 13 *Ark. Rep.* 344.

To the second plea set out above, the plaintiffs below interposed a demurrer, which the court sustained. The only question in the case is, therefore, as to the action of the Circuit Court upon this demurrer.

The counsel for the appellants say nothing in favor of this plea, but as the demurrer runs back to the declaration, object that the breach is too wide, in the negation that the money declared for had not been paid by the defendants below, to the plaintiff, nor to " any other person whomsoever." We think there is nothing in this objection. We think, too, that the plea was bad. It was not sufficiently certain. No certain issue could be formed upon it. It may be admitted to be true, and yet the plaintiffs below

may not have broken their contract to pay the bills. They might not have matured, or otherwise the time for payment, as fixed by their contract, might not have arrived; and every intendment must be taken against the pleader.

Finding no error, the judgment of the court below will be affirmed, and five per cent. damages will be awarded in this court upon the sum recovered in the Circuit Court.